UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>            Plaintiff,<br><br>       v.<br><br>MICHAEL D. WILLIAMS, et al.<br><br>            Defendants. | No. CR 05-920-RSWL<br><br>**ORDER DENYING DEFENDANT WILLIAMS AND JOHNSON'S MOTIONS TO DISMISS NOTICE OF INTENT TO SEEK THE DEATH PENALTY FOR UNTIMELY FILING** |

On August 5, 2008, both Defendant Michael D. Williams and Defendant Antoine L. Johnson's Motions for Order Dismissing Government's Notice of Intent to Seek the Death Penalty came on for regular calendar. Defendant Williams was represented by Marcia A. Morrissey. Defendant Johnson was represented by Amy E. Jacks and Richard P. Lasting. Plaintiff, United States of America ("Government") was represented by Elizabeth Yang. Having considered all the documents filed in connection with this motion as well as all the arguments set forth at the hearing,

**THE COURT NOW FINDS AND RULES AS FOLLOWS:**

Defendants were indicted on September 21, 2005 for the homicide of a guard occurring during the commission of an armed robbery of an armored truck. Included in the Indictment were allegations of special findings regarding both Defendants' eligibility for the death penalty. By November 17, 2005, each Defendant had been appointed special capital counsel, in addition to the already appointed counsel.

On May 29, 2008, the Government filed Notices of Intent to Seek the Death Penalty ("Notice" or collectively "Notices"), pursuant to Federal Death Penalty Act of 1994, 18 U.S.C. § 3591 *et seq*, against both Defendant Johnson and Defendant Williams (collectively "Defendants"), in the event Defendants are convicted of the offenses charged in the First Superseding Indictment ("FSI"). At the time of the Government's Notices, the trial was to commence on August 12, 2008.[1]

On June 12, 2008, the Court held a status conference in this case, at which time the Court severed the trial of the Noticed capital defendants, Williams and Johnson, from the non-capital defendants, Patrick Holifield and Larry Jordan. At the status conference, defense counsel

---

[1] Government declined to seek the death penalty against two other co-defendants.

1  also requested additional time to file motions,
2  including the instant motions to strike the Notices, and
3  to prepare for a capital defense.  Williams and Johnson
4  then stipulated to waive time under the Speedy Trial Act
5  until March 2009.  The Court accordingly set trial in
6  this matter for March 17, 2009, a date agreed upon by
7  all parties.
8       Defendants move this Court for an order dismissing
9  the Government's Notices.  Defendants claim that the
10 Government failed to file the Notices a "reasonable time
11 before trial," per 18 U.S.C. § 3593(a).
12
13 I.   Legal Standard
14      United States Department of Justice policy requires
15 the United States Attorney prosecuting the case to
16 submit a recommendation on whether to pursue the death
17 penalty to the Attorney General, who then makes the
18 final determination.  United States v. Robinson, 473
19 F.3d 487, 488 (2d. Cir. 2007) (citing United States v.
20 McGriff 427 F. Supp. 3d 253, 257 (E.D.N.Y. 2006)).
21      If the government decides to seek the death penalty,
22 it must comply with 18 U.S.C. § 3593(a), which requires
23 the government to notify defendant and file a notice
24 with the court, "a reasonable time before the trial or
25 before acceptance by the court of a plea of guilty."
26
27
28                             3

18 U.S.C. § 3593(a).[2]  The notice must set forth all aggravating factors that the government intends to prove as justifying a sentence of death.  § 3593(a)(2).

Though the statute specifies that notice must be given "a reasonable time before the trial," the statute "affords no guidance as to how to assess reasonableness, nor does it address the remedy to be fashioned if reasonable notice is not given; moreover, there is no legislative history addressing those issues."  McGriff, 427 F. Supp. 2d at 261-62.

The Ninth Circuit, nor any court within this Circuit, has addressed the issue of what constitutes reasonable notice or the relevant period for measuring such notice.

However, the Eleventh Circuit[3] has provided a persuasive framework of non-exclusive factors to analyze reasonableness: (1) what transpired in the case before the filing of the formal notice; (2) the period of time before trial after the filing of the notice; (3) the

---

[2] The notice need not be made to defendant, rather, the notice can be served on defendant's counsel.  United States v. Ayala-Lopez, 457 F.3d 107 (1st Cir. 2006).

[3] The Fourth Circuit employs a different, more stringent framework.  Under the Fourth Circuit approach, it is necessary to weigh: (1) the nature of the charges presented in the indictment; (2) the nature of the aggravating factors provided in the notice; (3) the period of time remaining before trial, measured at the instant the notice was filed and irrespective of the filing's effects; and (4) the status of discovery in the proceedings. United States v. Ferebe, 332 F.3d 722, 737 (4th Cir. 2003). However, this court finds that the Eleventh Circuit framework more in line with the spirit, intent, and language of § 3593(a).

status of discovery and motions; (4) the nature of the charges in the indictment; (5) the nature of the aggravating factors claimed to support the death penalty; and (6) the anticipated nature of defense. <u>United States v. Wilk</u>, 452 F.3d at 1208, 1221 (11th Cir. 2006).

The <u>Wilk</u> court reasoned that § 3593(a) is designed to protect the defendant from having to stand trial for his life without reasonable notice and time to prepare adequately. <u>Id.</u> at 1223. In making this determination, the proper approach is to focus on whether the notice reasonably gave the defendant adequate time before trial to prepare a defense, not whether the government should have made a decision earlier than it did. <u>Id.</u>

Where a district court determines that the notice was filed at a time when either party, particularly the defense, would reasonably be unprepared for a capital trial on the previously scheduled trial date, a continuance of the trial is appropriate. <u>Id.</u>

The <u>Wilk</u> court also held that continuing the trial after formal notice is filed, "preserves defendant's statutory right not to stand trial for his life without reasonable notice of the government's intent to seek the death penalty." <u>Id.</u>

In sum, under this approach, the district court must determine, based on the nature of the charges, the nature of the aggravating factors, and the time

1  remaining before a firm trial date, whether the
2  defendant has been given an objectively reasonable
3  amount of time to prepare a death defense.  McGriff, 427
4  F. Supp. 2d at 269.  If not, then the court must
5  determine the proper remedy: either striking the notice
6  or granting a continuance, after considering the
7  totality of the circumstances.  Id.
8       The court's ultimate goal should be to choose the
9  remedy that "allows the government to decide whether to
10 seek the death penalty with adequate deliberation, but
11 without unduly compromising the fair administration of
12 justice."  Id.

II. Application

Defendants claim that the Notices were not filed and served "a reasonable time before trial."  (Williams P&A 4:23-24.)  Defendants assert that the Government has "had more than ample time" to decide whether Defendants should face the death penalty for the crimes allegedly committed on March 1, 2004.  (Williams Reply 13:14-16.)

The Notices were filed May 29, 2008, seventy-five days before the scheduled trial date of August 12, 2008.  (Williams P&A 4:22-23.)  According to Defendants, this seventy-five day period fails to provide them adequate time with which to prepare the capital defense.

   1. *Period Time Remaining Before Trial, After*

1                 *Notice Was Filed*

2     Section 3593(a) states that the notice must be filed 3 "a reasonable time before the trial," not "a reasonable 4 time before the date the trial was scheduled to begin 5 when the notice was formally filed." Wilk, 452 F.3d at 6 1222. Simply put, there is nothing in § 3593 that 7 restricts courts to counting only the days between the 8 Notices and a scheduled trial date at the time the 9 Notices were filed. Id. at 1223.

10     Moreover, a rule that measures the time between the 11 date the notice is filed to the scheduled date of trial 12 at the time of that filing, "unduly restricts the 13 district court's ability to manage its cases and is 14 simply not required by § 3593(a)." Id. at 1224.

15     In the instant action, Defendants cannot claim 16 surprise at the Notice, because they have each had the 17 benefit of capital counsel almost since the beginning of 18 the case. Even if this case were to proceed on August 19 12th, Defendants' counsel would have already had, at 20 minimum, thirty-two months to research and prepare for a 21 capital case. The Court also recognizes that Defendants 22 have sought the majority of the continuances in this 23 matter, and while Capital Defendants should not be 24 placed in a position of being forced to waive time under 25 the Speedy Trial Act, the Defendants in the instant 26 action agreed to the continuances well before the filing 27 of the instant Motions.

28

In sum, this Court determines that when examining the totality of the circumstances, the spirit of section 3593's reasonableness standard has been followed in this case.

### 2. *Nature of the Charges in the Indictment*

This factor requires an analysis of whether "the underlying factual basis [or] the elements of the offenses charged are complex or unusual." Hatten, 276 F. Supp. 2d at 578.

The FSI and Indictment both include the same three counts against Defendants. In other words, there have been no substantial changes in the charges originally alleged against Defendants and the charges currently pending.

While true that all death penalty cases are complex, Defendants have had the benefit of expert counsel for thirty-two months. That counsel has been preparing to defend against all charges levied against Defendants as well as preparing for the very real possibility that this case would ultimately bring capital charges.

Therefore on balance, this case is not so unusually complex that Defendants have not had adequate time to prepare, especially in light of the over seven months remaining before trial.

### 3. *Nature of the Aggravating Factors Claimed to*

1             *Support the Death Penalty*

2     Defendants concede that the basis of the statutory
3 aggravating factors in the Notices mirrors those
4 outlined in the original Indictment.  (Johnson P&A 8:1-
5 3.)
6     Additionally, Defense counsel has already had
7 thirty-two months to research and prepare defenses
8 against these established aggravating factors that
9 warrant capital punishment.  The aggravating factors
10 described in the Notices, were included in the original
11 Indictment, and are enumerated under 18 U.S.C. § 18
12 3592(c): Aggravating Factors for Homicide.  As a result,
13 Defendants have been well aware of their candidacy for
14 the death penalty and cannot claim prejudice or harm.
15     Further, the trial continuance provides an
16 additional period of seven months for Defense counsel to
17 build an adequate defense to the new non-statutory
18 factors recently introduced.
19
20        4. *Status of the Discovery and Motions in the*
21           *Proceeding*
22     As of May 29, 2008, Defendants claim that the
23 Government had produced 19,114 pages of discovery and
24 over 100 audiotapes, videotapes, compact discs and DVDs.
25 (Johnson P&A 3:28-4:1.)  Defendants admit that the bulk
26 of this discovery was produced prior to the date of the
27 FSI, June 19, 2007.  (Johnson P&A 4:1-4:3.)
28                                  9

Because the trial date is March 17, 2009, and not August 12, 2008, there is ample time to review all discovery in this case.

### 5. *Anticipated Nature of Defense*

Defendants submitted as an exhibit, the declaration of Federal Penalty Resource Counsel Roger McNally, who has served in his capacity since 1992 and maintains a comprehensive list of federal death penalty prosecutions and information regarding district court practices. (McNally Decl. ¶ 1-2.)

McNally concluded that the "average time" between the filing of a notice and trial is 12.6 months. (Id. at ¶ 5.) McNally also concluded that the average time between the indictment and trial in federal capital cases is approximately 20.5 months, and the average time between the indictment and the notice is 12.5 months. (Id.)

In the instant action, eleven months lapsed between the FSI and Notices, and there will be twenty-one months in between the FSI and trial. Further, there will be almost ten months in between the Notices and trial.

Once again, Defendants mistakenly rely upon the former trial date of August 12, 2008, to arrive at statistics which no longer have any bearing on the issue at hand. Thus, this additional information weighs in favor of denying Defendants' Motions.

## III. Conclusion

Having reviewed all circumstances surrounding this case, the Court is persuaded to follow the Eleventh Circuit precedent, which most closely mirrors the apparent intent of 18 U.S.C. § 3593(a). Under this framework, Defendants currently have reasonable time with which to prepare the capital defense. The Court is particularly persuaded that the time remaining is reasonable in light of the presence of capital counsel since almost the inception of the case.

As a result, the Court **DENIES** both Williams' Motion to Dismiss Notice of Intent to Seek the Death Penalty for Untimely Filing, as well as Johnson's Motion for Order Dismissing Government's Notice of Intent to Seek the Death Penalty.

**IT IS SO ORDERED.**

/s/
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

DATE: August 8, 2008