**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America, ) | CR-05-920-RSWL |
| ) | |
| ) | ORDER **GRANTING** |
| Plaintiff, ) | GOVERNMENT'S MOTION TO |
| ) | QUASH SUBPOENAS ISSUED |
| vs. ) | EX PARTE AND UNDER SEAL |
| ) | TO DEFENDANT ANTOINE |
| Michael Dennis Williams, et ) | LAMONT JOHNSON |
| al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On January 13, 2008, Government's Motion to Quash Subpoenas Issued Ex Parte and Under Seal came on for regular calendar before this Court. Plaintiff, United States of America, appeared through its counsel of record, Assistant United States Attorneys Elizabeth Yang and Karen Meyer. Defendant Johnson appeared with his counsel of record, Amy Jacks and Richard Lasting. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES**

1

**AS FOLLOWS:**

    The Government's Motion to Quash Subpoenas Issued
Ex Parte and Under Seal to Defendant Antoine Lamont
Johnson is **GRANTED**.  The Court grants the Government's
Motion to quash the subpoena issued to the LAPD for the
investigative files of the Coleman/Tonodeo and KFC
murders.  Moreover, the Court modifies the January 18,
2006 Order to require that any subpoena returns be made
to the Court.

    "Rule 17 (c) was not intended to provide an
additional means of discovery." Bowman Dairy Co. v.
United States, 341 U.S. 214, 220 (1951).  Additionally,
a "...Rule 17(c) subpoena is not intended ... to allow
a blind fishing expedition seeking unknown evidence.
United States v. MacKey, 647 F.2d 898, 901 (9th Cir.
1981) (internal citations omitted).  "…[I]n order to
require production prior to trial, the moving party
must show that the materials are relevant, admissible,
and specific.[1]  United States v. Nixon, 418 U.S. 683,

───────────────

    [1] The same standard applies whether the subpoena is
issued to the Government or a third party.  United
States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981)
("we see no basis for using a lesser evidentiary
standard merely because production is sought from a

1  700 (1974).

2

3       Use of Federal Rule of Criminal Procedure 17(c)
4  ("Rule 17(c)") to subpoena materials that are only
5  being used for impeachment purposes is "generally
6  insufficient to justify the pretrial production of
7  documents." <u>United States v. Fields</u>, 663 F.2d 880, 881
8  (9th Cir. 1981).  The subpoenaed materials are sought
9  for the purpose of impeaching Witness 1 in regards to
10 his possible involvement in four homicides, unrelated
11 to the case at hand.[2]  Therefore, it is inappropriate to
12 require their pre-trial production.

13

14      Additionally, Defendant has made no showing that
15 the requested documents are relevant or specific.
16 Defendant has only shown that the evidence is useful to

17 _____

18 third party rather than from the United States").

19      [2] Defendant has also stated that he intends to use
20
21 the evidence for mitigation in the penalty phase.  To
22 the extent this information is sought to show that
23 Witness 1 received a deal from the Government for
24 cooperating, it is impeachment evidence, and irrelevant
25
26 to the penalty phase.  To the extent Defendant seeks to
27 use murders Witness 1 allegedly committed for
28 comparison with Defendant, it is irrelevant.

impeach Witness 1.  As stated above, this is insufficient to allow pre-trial production of the information.  Additionally, Defendant's request for both murder books in their entirety is too broad and nothing more than a fishing expedition for unknown evidence.[3]

    Lastly, this Court has inherent authority to ensure that Defendant has complied with the requirements of Rule 17(c) and <u>Nixon</u>.  <u>United States v. Beckford</u>, 964 F. Supp. 1010, 1025 (E.D. Va. 1997).

**IT IS SO ORDERED.**

/ s /

_____

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge
DATED: January 13, 2009

_____

    [3] The request is specific as it pertains to impeachment materials.  However, this is insufficient to allow pre-trial production of the documents.  As it pertains to any other information, it is not specific as to a specific document or a certain category of information or evidence.