UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Michael D. WILLIAMS, et ) <br> al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | CR 05-920 RSWL <br><br> ORDER RE: ALTERNATIVE <br> SENTENCING OPTIONS |

On August 18, 2009, Defendant Johnson's Motion to Preclude Punishment Related Questions or, in the alternative, Motion in Support of Request for Appropriate Punishment Related Voir Dire, Attorney Questioning, and Individual, Sequestered Voir Dire on Certain Topics (CR 761) came on for regular calendar before this Court.  Plaintiff, United States of America, appeared through its counsel of record, Assistant United States Attorneys Elizabeth Yang and Karen Meyer.  Defendant Johnson appeared with his

1

counsel of record, Amy Jacks and Richard Lasting.  The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court, pursuant to the arguments presented on August 18, 2009 and in the underlying papers, finds that there are three sentencing options in the present case.

When a statute allows the jury to exercise sentencing powers, due process requires that a jury must be informed of all available sentencing options. See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980).

In United States v. Jones, 132 F.3d 232, 246 (5th Cir. 1998), the defendant argued that the district court erred because it informed the jury that three sentencing options were available, when in fact only two existed. Jones, 132 F.3d at 246.  In that case, the judge instructed the jury that under the Federal Death Penalty provision, 18 U.S.C. § 3593, they could sentence the defendant to life, death, or a term of years.  However, the substantive statute under which the defendant was charged only allowed for a sentence of life or death. Id.  The Fifth Circuit found that the district court erred by instructing the jury based on §3593, rather than the underlying substantive

2

criminal statute. <u>Id.</u> at 246-47. The Court found that the FDPA functions like a sentencing enhancement provision that does not affect the penalties available under the substantive criminal statute. <u>Id.</u>[1]

Defendants are charged in Count Three under 18 U.S.C. § 924(j) which states:

> A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall (1) if the killing is a murder (as defined in section 1111 [18 USCS § 1111]), be punished <u>by death or by imprisonment for any term of years or for life</u>...

18 U.S.C. § 924(j). (emphasis added).

18 U.S.C. § 924(c)(1) provides:

---

[1] The Court in <u>Jones</u> analogized to <u>United States v. Branch</u>, stating that <u>Branch</u> held 18 U.S.C. § 924 does not create a separate offense. In actuality, <u>Branch</u> only held that the machine-gun clause of § 924(c)(1)(A) was a sentence enhancement provision, it specifically did not address § 924(c)(1). See <u>United States v. Branch</u>, 91 F.3d 699, 738-40 (5th Cir. 1996).

3

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c).

18 U.S.C. § 1111(a) states that,

4

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
>
> Any other murder is murder in the second degree.

18 U.S.C. § 1111(a).  Finally, 18 U.S.C. § 1111(b) states that, [w]hoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life... and "[w]hoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life.

Determining the underlying substantive statute is vital because it defines the relevant punishment that Defendants may receive.  Thus, § 1111 defines first degree and second degree murders along with their

5

1 respective punishments.  According to the plain
2 language of § 1111, first degree murder is only
3 punishable by death or life imprisonment.  Second
4 degree murder cannot be punished by death.

6    The First Superseding Indictment against Defendants
7 is brought under 18 U.S.C. § 924(c)(1)(A)(iii), (j)(1),
8 and states that Defendants' acts caused the death of
9 Evelio Suarez and his death constituted murder, as
10 defined in 18 U.S.C. § 1111(a), namely, a willful,
11 deliberate, and premeditated killing with malice
12 aforethought, and a killing committed in perpetration
13 of a robbery.  Importantly, it lists 18 U.S.C. §
14 1951(a) Robbery as the underlying crime of violence.

16    Defendant's Motion and argumentation reasons that
17 § 1111 is the substantive statute for Defendants'
18 crimes and that 924(j)(1) incorporates § 1111 into its
19 elements and cite United States v. Branch, 91 F.3d 699,
20 738-40 (5th Cir. 1996), for the proposition that §
21 924(c) is not a separate crime.  Further, Defendants
22 argue that reading the 924(j)(1) or (c) as a separate
23 statute would create an absurd result where a defendant
24 who commits first degree murder under § 1111 would have
25 the potential of receiving a lesser sentence (a term of
26 years) once the federal firearm enhancement is applied.
27 In other words, using a weapon during a crime of

violence (where a person is killed) would potentially reduce a defendant's sentence.

While Defendants' arguments have some logic, they fail in this case. Both the Government and Defendants agree that for sentencing purposes, the substantive statute's punishment controls. Jones, 132 F.3d at 248. If § 1111 is considered the substantive statute, then Defendants are correct that there are only two sentencing options for Defendant under Count Three- life or death. However, if either 924(c) or 924(j)(1) is the substantive statute, then there is a third sentencing option. The Court finds that Defendants' arguments fail for two reasons.

First, the underlying crime of violence charged in this case is a robbery charge under 18 U.S.C. 1951(a). Under Count Three for violation of § 924(c) and §924(j)(1), the First Superseding Indictment states that Defendants,

> Knowingly used, carried, brandished, and discharged three firearms, namely, two assault weapons and one handgun, during an in relation to a crime violence, namely, the March 1, 2004, robbery of an Armored Transport systems armored truck... in violation of Title 18, United States Code, Section 1951(a)...

Thus, Defendants' argument that the underlying crime of violence is murder is factually incorrect. Moreover, to the extent that they argue that § 924(j)(1) incorporates murder into it as the substantive statute they are incorrect.

The plain language of § 924(j)(1) indicates that it does not incorporate § 1111 into it, but rather only incorporates § 1111's definition of murder. It clearly states,

> A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall (1) if the killing is a murder (<u>as defined in section 1111</u> [18 USCS § 1111]), be punished by death or by imprisonment for any term of years or for life...

18 U.S.C. § 924 (emphasis added). Other Circuits have adopted this interpretation. For example, in <u>United States v. Young</u>, 248 F.3d 260, 274-275 (4th Cir. 2001), the Court stated that §924(j)(1) only incorporates § 1111(a) as a definition. The Court explained that § 924(j)(1) did not incorporate § 1111(b) into it. While the <u>Young</u> court was concerned with the jurisdictional aspects of § 1111(b), its holding still applies to the penalty provisions of § 1111(b). <u>See</u> <u>also</u> <u>United States v. Ostrander</u>, 411 F.3d 684, 687 (6th Cir. 2005)

(holding that § 924(j)(1) only incorporates the definition of murder contained in § 1111(a)); <u>United States v. Tuck Chong</u>, 123 F. Supp. 2d 563, 566 (D. Haw. 1999) (same); <u>United States v. Porter</u>, 2007 U.S. Dist. LEXIS 93277 (E.D. La. Dec. 7, 2007) (same); <u>United States v. Oslund</u>, 2008 U.S. Dist. LEXIS 56361 (D. Minn. July 22, 2008) (same).

    Second, case law is clear that 924(c) creates a separate offense and is thus the controlling substantive statute in this case.  <u>See</u> <u>United States v. Blanks</u>, 164 Fed. Appx. 369, 371 (4th Cir. 2006) (finding that 924(c) and 924(j)(1) were "plainly substantive offense and not merely 'penalty' statutes); <u>United States v. Battle</u>, 289 F.3d 661, 667 (10th Cir. 2002) (finding that §924(j)(1) was not a discrete crime from § 924(c)); <u>United States v. Allen</u>, 247 F.3d 741, 769 (8th Cir. 2001) (finding that "§ 924(j) is fairly interpreted as an additional aggravating punishment for the scheme already set out in § 924(c)"); <u>United States v. Hatten</u>, 2007 U.S. App. LEXIS 15977 (4th Cir. W. Va. July 5, 2007) (finding that "924(j) is the penalty provision for individuals who aggravate their § 924(c) offense by killing someone with a firearm in the course of committing a § 924(c) offense"); <u>United States v. Hall</u>, 419 F. Supp. 2d 279, 286 (E.D.N.Y. 2005) (finding that § 924(j) refers to the predicate offense defined in § 924(c)); <u>see also</u> <u>Simpson v. United States</u>, 435

U.S. 6, 10 (1978)(superseded by statute on other grounds) ("...we agree with the Court of Appeals that § 924(c) creates an offense distinct from the underlying federal felony"); United States v. Sudduth, 457 F. 2d 1198 (1st Cir. 1972) (§ 924(c) creates a separate crime); United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989) (finding that § 924(c)(1) defines a separate crime rather than merely enhancing the punishment for other crimes).[2]

---

[2] There appears to be some debate as to whether § 924(c) is still a separate offense after its 1998 revision. As explained in 2-35 Modern Federal Jury Instructions-Criminal P 35.12, "Section 924(c) was completely revised effective November 13, 1998. ... Although the apparent intent of the revision was to transform section 924(c) from a separate chargeable offense into a sentencing enhancement, the Supreme Court [in Harris v. United States] has made it clear that the statute should be read as stating a separate offense with sentencing enhancements for brandishing or using the weapon or based on the type of weapon possessed." See Harris v. United States, 536 U.S. 545, 552-56 (2002); see also United States v. Dare, 425 F.3d 634, 639 (9th Cir. 2005) (explaining that Harris found

10

For these reasons, the Court finds that the jury must be informed as to the three possible sentences.

**IT IS SO ORDERED.**

/s/

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

DATED: August 25, 2009

---

that "[the statute] regards brandishing and discharging as sentencing factors to be found by the judge, not offense elements to be found by the jury").  As Harris and the weight of authority above suggests, 924(c) is treated as a separate offense.

11